UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
CONCEPCION SANCHEZ,                                  ECF CASE
                                                     06 cv 7688 (GBD)

                          Plaintiff,                 COMPLAINT AND
                                                     JURY DEMAND

          -against-

FERNANDEZ RECORDS
DISTRIBUTORS INC.,

                          Defendant.
-----------------------------------------------------X

       Plaintiff, Concepcion Sanchez, by her attorneys, the New York Legal

Assistance Group, alleges and states as follows:

                      <u>**NATURE  OF THE ACTION**</u>

       1.       Plaintiff, Concepcion Sanchez, brings this suit alleging sex

discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e *et seq.* ("Title VII") , and City and State Civil Rights Laws.  Ms. Sanchez worked

as a full-time sales clerk at Defendant, Fernandez Records Distributors Inc.'s ("Fernandez

Records") music store.  One day, while at work, Ms. Sanchez's supervisor approached her

in the back office and grabbed her, touched her sexually, and refused to let her leave the

room.  Ms. Sanchez reported the assault to police that same day, and the next day notified

the Defendant as to what had transpired.  The Defendant's response was swift – the

defendant immediately terminated Ms. Sanchez's employment.

2.    In addition, Ms. Sanchez consistently worked more than 40 hours per week, but the Defendant failed to pay her overtime wages and spread of hours payments to which she was entitled under the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

3.    Jurisdiction is proper under § 705(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3) ("Title VII") and 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the claims under New York Civil Rights Law, New York City Civil Rights Law ("City Law") and New York Labor Law pursuant to 28 U.S.C. § 1367(a).

4.    Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b), as this action arose, in substantial part, within the Southern District of New York, where the unlawful employment practices alleged herein occurred and many of the records pertinent thereto are maintained.

5.    On or about October 2, 2005,  Plaintiff filed a timely charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein.  On or about June 26, 2006, the EEOC issued Plaintiff a notice informing her that the "EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged" in Ms. Sanchez's charge.  The EEOC also notified Ms. Sanchez of her right to sue Defendant in federal court.  Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

6.     Pursuant to § 8-502(c) of the City Law, prior to filing this complaint with

this Court, Plaintiff served a copy of this complaint on the City of New York Commission

on Human Rights and the City of New York Corporation Counsel.


## PARTIES

7.     Plaintiff, a female who resides at 179 East 105th Street, Apt 3W, New

York, New York 10029, was employed by Defendant from on or about March 13, 2005 to

on or about May 16, 2005.  At all relevant times, Plaintiff was an "employee" of

Defendant within the meaning of relevant federal, state, and local civil rights law.

8.     Defendant Fernandez Records is a for-profit company with four stores

located in New York City. Upon information and belief, Defendant is authorized to do

business in the State of New York and is engaged in the retail sale of recorded music and

related merchandise.   At all relevant times, Defendant was an employer within the

meaning of relevant federal, state, and local civil rights law


## FACTUAL ALLEGATIONS

9.     Plaintiff Concepcion Sanchez began working as a full-time salesclerk at

Fernandez Records on or about March 13, 2005.  Ms. Sanchez worked for Defendant in

this capacity until her employment was terminated on or about May 16, 2005.

10.     At all relevant times, Plaintiff was qualified for the sales clerk position at

Fernandez Records.

11.     Plaintiff worked at the Defendant's store located at 167 East 167th Street in Manhattan.  Upon information and belief, there are three other Fernandez Records located in New York City with approximately four (4)  employees working at each store.

**Sex discrimination and retaliation allegations**

12.     On or about Thursday May 12, 2006, Luis stopped working at the store and Hugo Fernandez replaced Luis as the store manager.  Mr. Fernandez, a relative of the store owners, was Ms. Sanchez's direct supervisor.

13.     On the afternoon of Monday, May 16, 2005, at approximately 4:30 p.m., Ms. Sanchez went to the office area at the back of the store to take her lunch break. While she was eating, Mr. Fernandez entered the office and began asking Ms. Sanchez personal questions.

14.     After Ms. Sanchez had finished eating, around 4:50 p.m., she went to the bathroom to brush her teeth.  As she was coming out of the bathroom, Hugo Fernandez grabbed Ms. Sanchez and  put his arms around her.  Mr. Fernandez held Ms. Fernandez tightly and caressed her back.  He tried to kiss Ms. Sanchez's mouth, but she turned away, and he kissed her cheek. Mr. Fernandez pushed his penis against Ms. Sanchez's genital area as he held onto her and rubbed against her.

15.     Ms. Sanchez demanded that Mr. Fernandez let her go, and eventually managed to pull away from Hugo Fernandez, but he closed the door that led to the store to prevent her from leaving. There was only one other employee in the store at the time, and he was at the front of the store.

16.     Mr. Fernandez told Ms. Sanchez that he was sorry and pleaded with her not to tell anyone what had happened.  He told Ms. Sanchez that he would fire Mireya, a female employee at the store, implying that Ms. Sanchez could have her job and that Mireya's job was better than hers.

17.     Ms. Sanchez took her jacket and purse, which were hanging in the same room, and tried to leave the office, but Mr. Fernandez grabbed Ms. Sanchez by her shoulders and shook her.  Mr. Fernandez grabbed Ms. Sanchez's jacket and handbag away from her and told her that she was not allowed to leave, and could not leave without her jacket and purse.

18.     Ms. Sanchez asked Mr. Fernandez to let her go and called out for help.

19.     Mr. Ferndandez responded that he would let her leave the office, but admonished that she was not allowed to tell anyone what had happened.  Mr. Fernandez refused to give Ms. Sanchez her jacket or purse.

20.     Ms. Sanchez promised that she would not tell anyone what he had done if she was allowed to leave, and Mr. Fernandez finally allowed her to leave the office, though he still refused to return her jacket or purse.

21.     Ms. Sanchez went to a small compact disc room in the store and cried. Hugo came into the room and stared at her.

22.     About fifteen minutes later, Ms. Sanchez's brother, Hector Sanchez, happened to come into the store.  Ms. Sanchez told him what had happened with Hugo Fernandez.

23.     Hector Sanchez approached Mr. Fernandez and they began arguing.  Mr. Fernandez stated that Ms. Sanchez's brother was a man and that he should therefore "understand."

24.     Hector Sanchez then demanded that Mr. Fernandez pay Ms. Sanchez the money she was owed, and Mr. Fernandez stated that he did not have the money.

25.     Ms. Sanchez collected her belongings and she and her brother left the store. Hugo Fernandez's conduct altered the conditions of Ms. Sanchez's employment so that Ms. Sanchez could not continue working that day.  That day, Ms. Sanchez went to the police and filed a complaint about the incident.

26.     Upon information and belief, on the evening of May 16, 2005, Hugo Fernandez was arrested.

27.     On May 17, 2005, Ms. Sanchez went back to work escorted by her brother. Hugo Fernandez was not at the store. The male cashier known as Fey told Ms. Sanchez that Ms. Sanchez could not work that day because one of the store owners, Isidro Fernandez, had told him that she could not work that day. Ms. Sanchez and her brother obtained Isidro Fernandez's phone number and called him.

28.      Isidro Fernandez told Hector Sanchez that Ms. Sanchez could not come back to the store until "this is resolved," referring to Ms. Sanchez's allegations involving Hugo Fernandez, and told Hector Sanchez that he would call Ms. Sanchez when she could come back to work.

29.     Ms. Sanchez was never allowed to return to work after May 16, 2005.

30.     After the incident with Hugo Fernandez, Ms. Sanchez experienced substantial emotional distress.  Ms. Sanchez had difficulty sleeping at night and often stayed up at night crying.

**Allegations under New York Labor Law**

31.     On or about March 13, 2006, Ms. Sanchez's supervisor known as Luis notified her that she was expected to work Monday through Thursdays noon until 8 p.m and Saturdays and Sundays from 10 a.m. to 8 p.m, totaling fifty-two (52) hours per week.

32.     Ms. Sanchez earned $275 in cash per week and was paid each Saturday.

33.     Ms. Sanchez was only paid for 40 hours of work per week, and never received compensation – including overtime premiums – for hours worked over 40.

34.     On Saturdays and Sundays, Ms. Sanchez frequently worked more than ten (10) hours per day but did not get paid for an additional hour of work at minimum wage.

35.     Ms. Sanchez was never paid for her work on Sunday, May 15, 2005 or Monday, May 16, 2005.

**CAUSES OF ACTION**

FIRST CAUSE OF ACTION

**Federal Civil Rights Act – Sex Discrimination**

**(42 U.S.C. § 2000e *et seq.*)**

36.     Plaintiff Concepcion Sanchez hereby incorporates by reference Paragraphs 1 through 35 above, as if set forth herein.

37.     Defendant Fernandez Records discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

38.     Defendant acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

39.     As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer emotional distress and other compensable damages.  Plaintiff is entitled to back pay**,** compensatory damages, punitive damages, attorneys' fees and costs, and other legal and equitable relief.

<u>SECOND CAUSE OF ACTION</u>

**Federal Civil Rights Act-Retaliation**

**(42 U.S.C. 2000e-3(a))**

40.     Plaintiff hereby incorporates by reference Paragraphs 1-39 above, as if set forth herein.

41.     By the acts and practices described above, Defendant retaliated against Plaintiff for opposing unlawful discriminatory conduct, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

42.     Defendant knew that its actions constituted unlawful retaliation on the basis of Plaintiff's opposition to unlawful discriminatory conduct and/or willfully disregarded Plaintiff's statutorily protected rights.

43.     As a result of Defendant's retaliatory acts, Plaintiff has suffered and will continue to suffer emotional distress and other compensable damages.  Plaintiff is entitled to back pay, compensatory damages, punitive damages, attorneys' fees and costs, and other legal and equitable relief.

## THIRD CAUSE OF ACTION

**New York Civil Rights Law-Sex Discrimination**

**(N.Y. Exec. Law § 290 *et seq.*)**

44.     Plaintiff hereby incorporates by reference Paragraphs 1 through 43 above, as if set forth herein.

45.     Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of the New York Civil Rights Law, N.Y. Exec. Law § 290 *et seq.*

46.     Defendant acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

47.     As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer emotional distress and other compensable damages.  Plaintiff is entitled to back pay, compensatory damages, and other legal and equitable relief.

## FOURTH CAUSE OF ACTION

**New York Civil Rights Law-Retaliation**

**(N.Y. Exec. Law § 290 *et seq*.)**

48.     Plaintiff hereby incorporates by reference Paragraphs 1 though 47 above, as if set forth herein.

49.     By the acts and practices described above, Defendant retaliated against Plaintiff for opposing unlawful discriminatory conduct, in violation of New York Civil Rights Law, N.Y. Exec. Law § 290 *et seq*.

50.     Defendant knew that its actions constituted unlawful retaliation on the basis of Plaintiff's opposition to unlawful discriminatory conduct and/or willfully disregarded Plaintiff's statutorily protected rights.

51.     As a result of Defendant's retaliatory acts, Plaintiff has suffered and will continue to suffer emotional distress and other compensable damages.  Plaintiff is entitled to back pay, compensatory damages, and other legal and equitable relief.

<u>FIFTH CAUSE OF ACTION</u>

**New York City Civil Rights Law-Sex Discrimination**

**(N.Y. Admin. Code § 8-101 *et seq*.)**

52.     Plaintiff hereby incorporates by reference Paragraphs 1 through 51 above, as if set forth herein.

53.     Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex in violation of the Administrative Code of the City of New York § 8-101 *et seq.*

54.     Defendant acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

55.     As a result of Defendant's discriminatory acts, Plaintiff has suffered and will continue to suffer emotional distress, and other compensable damages.  Plaintiff is entitled to back pay, compensatory damages, punitive damages, attorneys' fees and costs, and other legal and equitable relief.

### SIXTH CAUSE OF ACTION

**New York City Civil Rights Law-Retaliation**

**(N.Y. Admin. Code § 8-101 *et seq*.)**

56.     Plaintiff hereby incorporates by reference Paragraphs 1 though 55 above, as if set forth herein.

57.     By the acts and practices described above, Defendant retaliated against Plaintiff for opposing unlawful discriminatory conduct in violation of New York City Civil Rights Law, Administrative Code of the City of New York § 8-101 *et seq.*

58.     Defendant knew that their actions constituted unlawful retaliation on the basis of Plaintiff's opposition to unlawful discriminatory conduct and/or willfully disregarded Plaintiff's statutorily protected rights.

59.     As a result of Defendant's retaliatory acts, Plaintiff has suffered and will continue to suffer emotional distress and other compensable damages.  Plaintiff seeks back pay, compensatory damages, punitive damages, attorneys' fees and costs, and other legal and equitable relief.

### SEVENTH CAUSE OF ACTION

**Federal Overtime Wages**

**(FLSA § 207(a)(1))**

60.    Plaintiff hereby incorporates by reference Paragraphs 1 though 59 above, as if set forth herein.

61.    During the time that Plaintiff worked at Fernandez Records, Ms. Sanchez worked more than forty (40) hours in a one week period.

62.    Defendant failed to compensate Ms. Sanchez for any hours she worked over forty (40) hours in a single week.

63.    Defendant's willful, knowing and deliberate acts are in direct contravention of 29 U.S.C. § 207(a)(1) and are actionable under 29 U.S.C. § 216(b).

64.    As a result of the foregoing, Plaintiff  has been injured, and Defendant has profited thereby, in an amount to be proven at trial.

<u>EIGHTH CAUSE OF ACTION</u>

**Spread of Hours Pay**

**N.Y. Lab. Law § 650 *et seq*., and 12 N.Y.C.R.R. § 137- 1.7**

65.    Plaintiff hereby incorporates by reference Paragraphs 1 though 64 above, as if set forth herein.

66.    Defendant failed to pay Plaintiff one additional hour's pay at the minimum wage for each day Plaintiff worked more than ten (10) hours, in violation of N.Y. Labor Law § 650 *et seq*., and 12 N.Y.C.R.R. § 137-1.7.

67.    Said Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff worked in excess of ten (10) hours was willful within the meaning of N.Y. Labor Law § 663.

68.  Plaintiff has been damaged in an amount to be determined at trial, plus liquidated damages.

NINTH CAUSE OF ACTION

**New York Labor Law-Failure to Pay Wages**

**N.Y. Labor Law § 190 *et seq.***

69.    Plaintiff hereby incorporates by reference Paragraphs 1 though 68 above, as if set forth herein.

70.    By failing to pay Plaintiff for every hour worked, Defendant blatantly disregarded their obligation to pay wages weekly and not later than seven calender days
after the week in which the wages were earned.

71.    Defendant failed to compensate plaintiff for hours worked on May 15 and 16, 2006.

72.    Said Defendant's knowing and deliberate acts are in direct contravention of N.Y. Labor Law § 191(1)(a) and are actionable under N.Y. Labor Law § 198(1).

73.    Said Defendant's failure to pay Plaintiff for every hour worked was wilful within the meaning of N.Y. Labor Law § 663.

74.    As a result of Said Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages in an amount to be determined at trial plus liquidated damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests that upon trial this Court enter judgment:

A.      Declaring that the actions and practices of Defendant violated Title VII, 42 U.S.C. § 2000e *et seq.*, the NYSHRL, New York Executive Law §§ 290 *et seq*, New York City Civil Rights Law, N.Y. Admin. Code § 8-101 *et seq.*, New York Labor Law § 190 *et seq*, and the FLSA, 29 U.S.C. § 201 *et seq*, and enjoining such violations;

B.      Directing Defendant to place Plaintiff in the position she would be in but for Defendant's discriminatory and retaliatory conduct and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory and retaliatory treatment, including but not limited to wages, and other lost benefits;

C.      Directing Defendant to pay Plaintiff compensatory damages, including damages for mental anguish, pain and suffering as a result of Defendant's discriminatory and retaliatory conduct;

D.      Directing Defendant to pay Plaintiff punitive damages, pursuant to Title VII  and  New York City's Civil Rights Law;

E.      Directing Defendant to pay Plaintiff all wages owed, as well as liquidated damages under the FLSA;

F.      Awarding Plaintiff such pre-and post-judgment interest as is allowed by law;

.
       G.     Awarding Plaintiff reasonable attorneys' fees, expert witness fees, and costs,

provided by Title VII, NYSHRL, New York Labor Law, and the FLSA; and

       H.     Granting such additional relief as this Court deems just and proper.


<u>DEMAND FOR TRIAL BY JURY</u>

     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury in this action.

Dated: New York, New York

     September 25, 2006

                           Respectfully submitted

                           By:_____
                           YISROEL SCHULMAN, ESQ. (YS 3107)
                           NEW YORK LEGAL ASSISTANCE GROUP
                            Randal S. Jeffrey, of Counsel (RSJ    3396)
                            Elissa S. Devins, of Counsel (ESD 9197)
                            Elena Goldstein, of Counsel (EG 8586)
                            (212) 613-5056
                            Attorneys for Plaintiff

16